**In re Bradford Clark TIMBERS District Justice In and For Magisterial District 31–2–03.**

**No. 3 JD 1995.**

Court of Judicial Discipline
of Pennsylvania.

April 18, 1996.

Before McCLOSKEY, President Judge, and BURNS, CASSEBAUM, MAGARO and MESSA, JJ.

## OPINION IN SUPPORT OF SANCTIONS

This Court does not accept alcoholism as an excuse for misconduct by a judicial officer for the improper performance of his duties or conduct which brings disrepute upon the judicial system and causes the public to lose confidence in the system. We do recognize that alcoholism is a disease. The Court finds that alcoholism may be considered a mitigating circumstance when deciding what sanction is appropriate. The Court may impose the less severe sanction of suspension, rather than removal, when the nature of a judicial officer's misconduct in light of his alcoholism warrants such reduction in sanction.

## ORDER

PER CURIAM.

AND NOW, this 18th day of April, 1996, it is hereby ORDERED:

1. Respondent is suspended from performing any duties of office in Magisterial District 31–2–03 for six months effective this date.

2. Respondent shall forfeit all pay during the six-month period of suspension.

3. Respondent shall be on probation for the remainder of his present term of office.

4. Said probation shall be subject to the supervision of this Court and further subject to the following conditions:

a. Respondent shall immediately enter a sobriety monitoring program contract with the Pennsylvania Bar Association's Lawyer's Assistance Committee (formerly the Alcohol and Drug Addictions Committee), which contract shall be approved by this Court.

b. Upon the Court's approval, said contract shall be a condition of probation.

5. The Clerk shall forward copies of this Order to the Chief Justice of Pennsylvania, the Supreme Court Administrator, the Payroll Manager of the Administrative Office of Pennsylvania Courts, and the Treasurer of Pennsylvania.

CASSEBAUM, J., files a dissenting opinion in which MESSA, J., joins.

McGINLEY and DONOHUE, JJ., did not participate in the consideration or disposition of this decision.

CASSEBAUM, Judge, dissenting.

I respectfully dissent from the majority's decision on sanctions. I would order the Respondent removed from office.

I agree with the majority's conclusion that the Respondent's alcoholism played a pivotal part in his wrongful conduct. I accept the Respondent's statements that he is in recovery and has not taken a drink of any alcoholic beverage since he was suspended in November, 1994. However, although I wholeheartedly endorse the Respondent's participation in recovery programs, I believe that the public's confidence in the Respondent's position as a judicial officer has been irreparably harmed by his conduct. The facts are clear that the Respondent's actions constituted misconduct in office, failure or neglect to perform the duties of office, conduct which prejudices the proper administration of justice and which brought the judicial office into disrepute. In this case, the effect of the Respondent's conduct regretfully outweighs his potential to serve.

MESSA, J., joins in this dissent.